UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEITH LAMONTE RUSSELL,<br><br>Defendant. | CASE NO. MJ25-773<br><br>COMPLAINT for VIOLATION<br><br>Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), (b)(1)(C)<br>Title 18, United States Code, Sections 924(c)(1)(A)(i) |

BEFORE, Michelle L. Peterson, United States Magistrate Judge, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (Distribution of a Controlled Substance)

On or about November 20, 2025, in King County, within the Western District of Washington, KEITH LAMONTE RUSSELL did knowingly and intentionally distribute a controlled substance, that is: crack cocaine, a substance controlled under Title 21, United States Code.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

Complaint - 1
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 2

### (Distribution of a Controlled Substance)

On or about November 20, 2025, in King County, within the Western District of Washington, KEITH LAMONTE RUSSELL did knowingly and intentionally distribute a controlled substance, that is: crack cocaine, a substance controlled under Title 21, United States Code.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3

### (Possession of a Controlled Substance with Intent to Distribute)

On or about November 25, 2025, in King County, within the Western District of Washington, KEITH LAMONTE RUSSELL did knowingly and intentionally possess, with intent to distribute, a controlled substance, that is: cocaine, a substance controlled under Title 21, United States Code.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 4

### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about November 25, 2025, in King County, within the Western District of Washington, KEITH LAMONTE RUSSELL did knowingly possess a firearm, that is: a Glock 19 9mm handgun, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, *Possession of a Controlled Substance with Intent to Distribute*, as alleged in Count 3 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

And the complainant states that this Complaint is based on the following information.

I, William Miller, being first duly sworn on oath, depose and say:

Complaint - 2
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## INTRODUCTION AND AFFIANT BACKGROUND

1.      I am a commissioned law enforcement officer of the Seattle Police Department (SPD).  I have been employed by the Seattle Police Department as an officer since 2008 and a narcotics detective since 2018. I have served as a Task Force Officer (TFO) for the Drug Enforcement Administration and currently I am a TFO for Homeland Security Investigations for narcotics related crimes.

2.      I have formal training in controlled substances investigations to include marijuana, heroin, methamphetamine, Crack, MDMA, oxycodone, and cocaine.  My duty assignment includes investigating violations of federal and state-controlled substance laws. My law enforcement experience includes my participation in numerous investigations of organizations trafficking in controlled substances and as a result, I have an understanding of the manner in which drugs are distributed and the various roles played by individuals and groups in the distribution.  I have participated in the execution of numerous drug search warrants.

3.      Throughout the course of my training, and in my years of law enforcement, I have become familiar with the methods of drug trafficking, have interviewed dozens of suspects and criminal informants, and others familiar with the drug trade.  I am familiar with the appearance, prices, and transport methods of illegal controlled substances.

4.      I make this affidavit in support of this complaint based both on personal knowledge and on information I have obtained from a review of official reports prepared by other law enforcement officers and/or discussions with those officers.  Because this affidavit is made for the limited purpose of establishing probable cause to believe the defendant committed the offense alleged above, it does not contain all of my knowledge regarding the surrounding circumstances.

## SUMMARY OF PROBABLE CAUSE

5.      I was assisted by Officer Nicholas Soldati and Officer Tanner Jay from the West Precinct of the Seattle Police Department in the investigation into KEITH

Complaint - 3
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

LAMONT RUSSELL as described below. Officer Soldati and Officer Jay are both assigned to the proactive bicycle team and are often utilized in street level narcotics enforcement. They have participated in numerous narcotics operations within the downtown core of the City of Seattle.

6. Through Officer Soldati and Officer Jay's narcotics related enforcement actions and investigations, they have learned of a narcotics dealer known as the street moniker "Frame." Based on several previous narcotic arrests in the area, individuals whom they have interacted with have stated that a tall black male nicknamed "Frame," was a drug dealer in the Belltown neighborhood. A routine records check of the alias "Frame" in Seattle Police Department's reports system showed a KEITH LAMONT RUSSELL as using the moniker "Frame." According to nationwide law enforcement databases, Keith Lamonte Russell is listed with the alias "FRAME." A review of KEITH LAMONT RUSSELL's photograph confirmed he matched the physical description of "Frame."

**September 15, 2025**

7. With this information, Officers Soldati and Jay began surveillance in the Belltown neighborhood and observed a person they identified as KEITH LAMONT RUSSELL exiting and entering the Rivoli Apartments (2127 Second Avenue, Seattle Washington). They identified RUSSELL based on their physical observations in comparison to his prior booking photograph(s). They observed that RUSSELL would circle the surrounding area and return to the same building. The Rivoli apartment is a lockout apartment building requiring an access device to enter the building.

8. On September 15, 2025, Officers Soldati and Jay observed a suspected narcotics transaction occur near the Rivoli Apartments. Around 1000 hours, Officer Soldati observed RUSSELL standing in front of the Rivoli Apartments, on the west side of Second Avenue. RUSSELL was observed talking with an unknown male in his fifties. Officer Soldati observed RUSSELL for a period of approximately 10-15

Complaint - 4
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

minutes. RUSSELL had his back to the wall and was constantly scanning the block both north and southbound. In my experience, seasoned narcotics traffickers are aware of law enforcements efforts in the downtown core, and they will often scan the immediate area looking for uniformed police officers before conducting illicit activity. An unknown male passed by him around 1010 hours, walking southbound on Second Avenue, on the west side of the street. Officer Soldati noted that the unknown male and RUSSELL appeared to acknowledge each other visually, but RUSSELL did not move.

9.    Officer Soldati watched the unknown male walk to the corner of Second Avenue and Lenora Street and stand behind a parked metro bus. A short time later, Officer Soldati observed RUSSELL start digging into his right front pants pocket. Before producing an item from his pocket, he did a few more scans both north and southbound. RUSSELL then pulled his right hand out of his pocket but kept his hand at his waist level. RUSSELL turned his head down to his right side and stared at his open palm. Officer Soldati could see a clear, unmarked plastic baggie in the center of his palm that appeared to contain a white rock like substance, about the size of a gumball or the width of a quarter. Based on his training and experience, this appeared to be crack cocaine or possibly clumped powdered fentanyl. This is based on the color and observed texture.

10.    RUSSELL put it back in his right front pants pocket and then began walking southbound on Second Avenue, west side of the street. RUSSELL reached the NW corner of Second Avenue and Lenora Street and met up with the same male. The two men stood on the sidewalk, partially shielded by the parked metro bus. Officer Soldati observed the two men make a hand-to-hand exchange. While facing each other within arm's reach, the male buyer produced some cash from his pocket and placed it in RUSSELL's open hand. RUSSELL looked around briefly, then took out the plastic baggie with the white rock like substance from his right front pants pocket. RUSSELL put it into the male buyers open palm and the two of them appeared to be briefly "measuring" or "counting it." Once the male buyer was satisfied, he immediately turned

Complaint - 5
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

around and walked southbound. RUSSELL walked northbound towards the Rivoli Apartments.

### September 22, 2025

11.    On September 22, 2025, Officer Soldati, while working in a plainclothes capacity conducting surveillance in the Belltown neighborhood with partner Officer Jay, established surveillance at the Rivoli Apartment complex. Officer Soldati observed RUSSELL exit the building and observed him to be wearing an all-dark blue denim outfit walking his small dog. RUSSELL walked eastbound on Blanchard Street. When he approached the intersection of Fifth Avenue and Blanchard Street, he met up with M. Hall, a male Officer Soldati has arrested twice, most recently on June 4, 2025, for selling narcotics in the Belltown neighborhood. Officer Soldati has observed M. Hall walking around this area frequently.

12.    M. Hall appeared to be wearing an all-white "cook" uniform, and Officer Soldati observed that he met with RUSSEL on the NE corner of Fifth Avenue and Blanchard Street. The two of them made eye contact, then walked together briefly before RUSSELL handed him an unmarked plastic baggie with an unknown quantity of white powdery substance inside. The two of them turned their back briefly from Officer Soldati's location but he was able to observe them exchanging items again. They then immediately separated, and RUSSELL made his way back westbound towards his residence. Officer Soldati requested Real Time Crime Center to capture a still shot of RUSSELL after the observed transaction.

### November 7, 2025

13.    On November 7, 2025, Officer Jay was working narcotics surveillance and observed two known male subjects, A. Green and RUSSELL, together on the southwest corner of Second Avenue and Blanchard Street. Officer Jay observed that both appeared to be engaged in a conversation. After the brief conversation, it appeared that both men engaged in a hand-to-hand exchange before breaking contact. Officer Jay observed A.

Complaint - 6
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Green walking away eastbound on Blanchard Street before entering a white Porsche Cayenne and departing the area. Real Time Crime Center captured video footage of this hand-to-hand exchange.

14. Later that same day, Officer Jay, was working narcotics surveillance near the intersection of Third Avenue and Blanchard Street, when he observed RUSSELL walking in a route around the Belltown Neighborhood. Officer Jay observed RUSSELL walking eastbound on Blanchard Street from Second Avenue and make contact with a female wearing a black jacket and black leggings. Officer Jay observed RUSSELL and the female engage in a quick interaction before RUSSELL attempted to conceal himself near a vehicle. The female produced cash from her pocket and held it up as almost waiting for RUSSELL to take it. Officer Jay observed that RUSSELL fiddle with something in his hand before quickly plucking the cash from the female's hand and placing it into his pocket. Officer Jay observed RUSSELL produce a white powdery rock like substance from his hand and dropped it into the female's open palm. After the transaction, RUSSELL quickly walked away eastbound on Blanchard Street and the female continued westbound. Officer Jay believed RUSSELL had provided this female with crack cocaine or fentanyl based on his training and experience (color, powdery rocklike substance).

**November 20, 2025**

15. On November 20, 2025, Officer Soldati, while working in a plain clothes capacity, observed RUSSELL, walking eastbound from the 200 Block of Blanchard Street. Based on previous observations, Officer Soldati observed a routine utilized by RUSSELL where RUSSELL leaves the Rivoli Apartments and walks a "lap" of the surrounding blocks to make narcotic transactions. This pattern has also been observed by Officer Jay.

16. Officer Soldati observed RUSSELL exit the Rivoli Apartments and walk northbound on Third Avenue towards Bell Street. Prior reaching Bell Street, RUSSELL

Complaint - 7
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

was approached an approximately fifty to sixty year old male wearing a brown jacket, light grey sweatpants, and utilizing a blue rolling walker. Officer Soldati observed the male converse with RUSSELL for a few moments. RUSSELL then looked around several times, both north and southbound, and then motioned his head to the east.  Officer Soldati observed the two of them walked together eastbound on Bell Street on the south sidewalk. Once they reached a parked vehicle, Officer Soldati observed RUSSELL reach into his pockets and place a small rock like substance into the male's hand. The male handed RUSSELL a small green fold of cash. The male briefly examined the small rock like substance in his open palm, and RUSSELL quickly broke contact and began walking westbound across the street.

17.     The male rolled his walker over to the bus stop just north of Third Avenue and Bell Street and waited for the bus. Officer Soldati observed the male playing around with something small within his fingers for a bit, it appeared small enough to be the suspected crack cocaine Officer Soldati saw him purchase. Officer Soldati advised arresting officers of the male's location. Officers Jay and Christensen contacted and detained the male as he was entering a bus. The male was identified as B. Bass. B. Bass voluntarily gave officers a single crack cocaine rock from his front sweatshirt pocket. B. Bass advised that he paid $20 for it. B. Bass was investigated and released from the scene. The suspected crack cocaine was taken back to the west precinct and tested positive as crack cocaine by Officer Christensen utilizing the TRU-NARC device. Officer Christensen weighed the narcotics as 0.3g and submitted it into evidence.

### November 20, 2025

18.     On November 20, 2025, Officer Soldati, while working in a plainclothes capacity, observed RUSSELL, walking eastbound from the 200 Block of Blanchard Street near in proximity to the Rivoli Apartments. Officer Soldati observed RUSSELL then walk northbound on Third Avenue towards Bell Street. Just prior to reaching Bell Street, RUSSELL began looking across the street to the west at a male approximately

Complaint - 8
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fifty-five to sixty-five years of age who was yelling and trying to get RUSSELL's attention. RUSSELL approached near the corner, yelled back at the male, and then pointed to the east (300 Block of Bell Street). This is the same location as the previous narcotic transaction referenced above.

19.     Officer Soldati observed RUSSELL walk eastbound on Bell Street on the south sidewalk and male walked eastbound across Third Avenue paralleling RUSSELL. The two met up on the NW corner of Fourth Avenue and Bell Street. RUSSELL was observed by Officer Soldati dropping a couple white rock like substances into the male's palm. Based on his training, experience, and previous observations of RUSSELLs narcotics transactions, Officer Soldati believed it to be crack cocaine. The male handed RUSSELL a small fold of green cash.

20.     RUSSELL immediately broke contact and walked southbound on Fourth Avenue and the male walked westbound on Bell Street back towards Third Avenue and Bell Street. Officer Soldati advised arresting officers of the male's location, and the probable cause for the stop. Officers Jay and Christensen contacted and detained the male who was identified as C. Cain. C. Cain provided officers with the narcotics that he had just purchased from RUSSELL which consisted of two crack cocaine rocks from his left jacket pocket. C. Cain advised that he paid $40 for the two rocks. C. Cain was investigated and released from the scene. The narcotics were taken back to the west precinct and field tested positive as crack cocaine by Officer Jay utilizing the TRU-NARC device. The crack cocaine was recorded as 0.6 grams and submitted into evidence

21.     On November 20, 2025, Officer Soldati contacted the management and leasing personnel at the Rivoli Apartments. He spoke with an agent of the building who advised that RUSSELL is the tenant and sole occupant of apartment #311. The agent of the building stated RUSSELL has been inside apartment #311 for less than a year. RUSSELL's Washington State Driver's license also listed the address.

Complaint - 9
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

22.    On November 25, 2025, officers arrested RUSSELL for trafficking narcotics and recovered 9.2 grams of field test positive crack cocaine packeted in several unmarked plastic baggies located in his hand and $819 in U.S. currency in mixed denominations located in his right pants pocket.  A residential search warrant was executed at RUSSELL's apartment. The following evidence was seized:

> a. Two large Ziploc baggies containing white powdery bricks inside a black fanny pack recovered from the entryway closet and also contained a black grocery bag with two more large Ziploc baggies with suspected cocaine inside (total weight 684.7 grams field testing positive for cocaine);
>
> b. A large cardboard box labeled "money counter" on the floor of the closet next to the narcotics;
>
> c. A loaded Glock 19 9mm handgun confirmed stolen was recovered inside a shoebox on the floor inside the bathroom with a round in the chamber and nine rounds inside; and
>
> d. A digital scale and razor blades were located in the kitchen.

//

//

//

Complaint - 10
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Based on the above facts, I respectfully submit that there is probable cause to believe that KEITH LAMONTE RUSSELL committed Distribution of Controlled Substances in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(), Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

I am submitting this Affidavit and Application electronically in accordance with Local Criminal Rule 41(d)(3).

_____
William Miller Complainant
Task Force Officer
Department of Homeland Security

The above-named law enforcement officer provided a sworn statement to the truth of the foregoing Complaint and Affidavit by teleconference. Based on the contents of this Affidavit, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.

Dated this 4th day of December, 2025.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

Complaint - 11
*United States v. Keith Lamonte Russell*
USAO No. 2025R01348

UNITED STATES ATTORNEY
700 STEWART STREET, STE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970